UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MIKE HOWARD LEE                                                                          PLAINTIFF

v.                                                      Civil Action No. 3:19-cv-172-RGJ

WILLIE M. LEE, et al.                                                   DEFENDANTS

\* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Mike Howard Lee filed the instant action. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff filed his complaint on a civil complaint form. He names as Defendants Willie M. Lee, Christian Yvonne Murphy, Judge Gina K. Calvert, and attorney Wendy Wagner.

On the complaint form, Plaintiff indicates that he is bringing this action under federal-question jurisdiction. In the portion of the complaint form in which to state the basis for federal-question jurisdiction, Plaintiff states: "Filing of false reports, 1st and 2nd Amendment violations." In the statement-of-the-claim portion of the form, Plaintiff states:

> (1) Willie M. Lee and Christian Yvonne Murphy filed false report that got me arrested and jailed knowing that I am a 100% disabled veteran and a severe diabetic. (2) on 26th of November Judge Gina Kay Calvert violated my First and Second Amendment right blatently. (3) Wendy Wagner took money $1260.00 from me and knew that the statu[t]e of limitations had already expired.

In the relief section of the complaint, Plaintiff states: "I almost died in the county jail see LMDC records. I request relief for pay attorneys $3260.00."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Although the factual allegations in the complaint are scant, the Court discerns that Defendants Lee and Murphy appear to be private citizens who filed a report which resulted in Plaintiff being arrested and jailed; that Defendant Judge Calvert is a state-court judge; and that Defendant Wagner is an attorney in private practice who, according to the complaint, took money from Plaintiff even though she knew that the statute of limitations had expired. Additionally, the complaint references the filing of false reports and the First and Second Amendments.

The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Therefore, the Court construes Plaintiff's claims under the First and Second Amendments as being brought under 42 U.S.C. § 1983. *Sanders v. Prentice-Hall*

*Corp.*, 178 F.3d 1296 (6th Cir. 1999); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

In order to state a claim under § 1983, Plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, it is clear that three of the four named Defendants are not state actors.

Defendants Lee and Murphy appear to be private citizens who filed a report leading to Plaintiff's arrest and incarceration. A private citizen does not transform himself into a state actor simply by calling the police, filing a police report, or participating in court proceedings. *See, e.g., Woods v. Valentino*, 511 F. Supp. 2d 1263, 1274 n.19 (M.D. Fla. 2007) ("Private entities do not transform themselves into state actors simply by calling the police.").

Nor is Defendant Wagner, an attorney who Plaintiff apparently hired and paid money to, a state actor simply by virtue of being an attorney. *See Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (per curiam) (concluding that a private attorney, even one appointed by the court, does not act under color of state law); s*ee also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983.").

Finally, although Defendant Judge Calvert is a state actor for purposes of § 1983 by virtue of being a state-court judge, she is immune from the relief Plaintiff seeks. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. The allegations in the complaint suggest only that Plaintiff sues Defendant Calvert based on actions she took as a judge.

Therefore, the Court concludes that absolute judicial immunity bars the claims for monetary damages against this Defendant.  *See Mireles*, 502 U.S. at 9.

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims.  *See* 28 U.S.C. § 1367(c)(3).  To the extent that Plaintiff's reference to filing false reports is intended to be a separate state-law claim and not the basis for the alleged constitutional violations, the Court will dismiss any such state-law claim without prejudice.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: July 12, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendants
A961.009